36 F.3d 1089
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Erico DAVIAS, A/K/A Eric Davis, Plaintiff, Appellant,
v.
WARDEN, NEW HAMPSHIRE STATE PRISON, Defendant, Appellee.
 No. 93-2279, 93-2290
 United States Court of Appeals,
First Circuit.
 September 12, 1994
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Shane Devine, Senior U.S. District Judge ] ERICO DAVIAS, Plaintiff, Appellant State of New Hampshire, Et Al., Defendants, Appellees.
 Appeal from the United States District Court for the District of New Hampshire [Hon. Joseph A. DiClerico, U.S. District Judge ]
 Erico Davias on briefs pro se.
 D.N.H.
 AFFIRMED.
 Before Torruella, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 The judgments are affirmed in both of these consolidated appeals. In No. 93-2279, plaintiff complains that one or more employees in the prison mailroom opened a piece of correspondence sent to him from federal district court. Incorporated into his amended complaint is a response to a grievance filed by plaintiff in connection with this incident, in which the warden explained that the mail had been opened by mistake. Based on this explanation, the magistrate-judge found that plaintiff was complaining of simple negligence on the part of defendant-a finding to which plaintiff has not objected. It is well settled that such an allegation fails to state a claim under 42 U.S.C. Sec. 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original); Germany v. Vance, 868 F.2d 9, 11 (1st Cir. 1989).
 
 
 2
 In No. 93-2290, plaintiff challenges the procedures surrounding his extradition from Louisiana to New Hampshire in June 1991. The district court (adopting the recommendations of the magistrate-judge) dismissed on res judicata grounds, finding that plaintiff had brought a similar challenge in a separate state-court suit. From the record before us, we are unable to confirm that judgment has issued in that proceeding. This is unimportant, however, inasmuch as plaintiff's allegations here are identical to those advanced in an earlier federal action that was the subject of our decision in Davias v. New Hampshire, No. 93-1405 (1st Cir. Dec. 15, 1993) (per curiam). Dismissal of the instant action on res judicata grounds was thus plainly warranted-if not on the basis of plaintiff's state suit-then on the basis of his earlier federal proceeding.
 
 
 3
 The judgments are affirmed.